IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TINIKA S. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV69 |
| | ) | |
| CITY OF GREENSBORO, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Tinika S. Warren's "Motion to Reopen and Order to Settle." (Docket Entry 14.) On January 23, 2023, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") along with her Complaint. (Docket Entries 1-3.) Plaintiff thereafter submitted multiple supplements and notices. (*See* Docket Entries 6-9, 11-13.) She also submitted a motion letter, which the Court construed as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1), and, prior to conducting IFP review, the case was subsequently closed in April 2023. (*See* Docket Entry 10; Text Order dated April 6, 2023.) Plaintiff immediately filed the pending motion seeking to reopen this matter and seeking an order to settle her claims. (Docket Entry 14.) For the reasons stated herein, the motion should be denied.

I. DISCUSSION

Plaintiff is seeking to reopen this matter after having previously sought voluntary dismissal of this case. At the outset, "[c]ourts in this circuit have found that district courts lack jurisdiction to grant a motion to reopen where a plaintiff has previously voluntarily

dismissed the action." *Emory v. Lowe's Home Centers, LLC,* No. 7:20-CV-629-BHH-KFM, 2021 WL 5361834, at *1 (D.S.C. Jan. 21, 2021*), report and recommendation adopted,* No. CV 7:20-629-BHH, 2021 WL 4859942 (D.S.C. Oct. 19, 2021); *see also In re Matthews*, 395 F.3d 477, 480 (4th Cir. 2005) ("[A]fter an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits."). For this reason, the motion should be denied.

Further, even if jurisdiction did exist, Plaintiff offers no reasons justifying reopening this matter under Rule 59(e)or Rule 60(b). *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012) (granting Rule 59 relief in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."); Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding" for several enumerated reasons or any other reason justifying relief.).

Here, Plaintiff's motion states,

Motion to Reopen & Order to Settle: Failure to Comply with Mayor's Meeting Minutes and HUD memorandum for Virinia Sardone, Acting Director of Affordable Housing Programs and General Couunsel (sic) Althea M. Forrester, associate General Counsel for Assisted Housing and Community Development, Failed to Accommodate under ADA ACT, Relocation Act, ethics and regulatory compliance and risk management laws Enforce: Regulatory Ethics and Compliance by means of "written court order to pay', for failure to answer all claims to this case as served publicly on air: City Council.

2

(Docket Entry 14 at 1.)[1]  The remainder of the motion appears to be meeting minutes from a Greensboro Council Chamber meeting on December 6, 2023, an email from Plaintiff to the Greensboro City Attorney's Office, and a memo written for the acting director of the office of affordable housing programs regarding relocation.  (*See id.* at 1-16.)  The undersigned finds that nothing in the motion contains any grounds for relief or merit and, even were the motion to have merit, the Court does not have the jurisdiction to reopen the claim.  Therefore, Plaintiff's motion should be denied.

Beyond that, the undersigned notes that even if Plaintiff had not voluntarily dismissed this action and had IFP been conducted in the first instance, Plaintiff's Complaint would not have withstood such review.  When a party seeks IFP status, the Court reviews the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006).  "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010).  A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. The term's capaciousness directs lower courts to conduct a flexible analysis, in light

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

Here, it appears that Plaintiff's Complaint is purporting to assert violations of the Americans with Disabilities Act ("ADA") and a whistleblower claim under the Occupational Health and Safety Act ("OSHA"). (*See generally* Compl., Docket Entry 2.) To establish a prima facie case in an ADA failure-to-accommodate claim, a plaintiff must allege 1) she has a

4

disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with a reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such an accommodation. *See, e.g., Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013). As a threshold matter, a plaintiff's pleadings must sufficiently allege facts to plausibly show that she "had a physical impairment that constitutes a disability." *See Feldman v. L. Enf't Assocs. Corp.*, 779 F. Supp. 2d 472, 483 (E.D.N.C. 2011).

"Section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. [] 660(c), prohibits retaliatory discharge of or discrimination against employees who report OSHA violations, and charges the Secretary of Labor to investigate and prosecute meritorious claims of retaliation." *Taylor v. Brighton Corp.*, 616 F.2d 256, 257 (6th Cir. 1980). However, § 11(c) does not create a private right of action for individual parties to seek recourse for discrimination. *See Parks v. Deere Hitachi*, No. 1:07CV371, 2007 WL 9757764, at *2 (M.D.N.C. Sept. 20, 2007), *report and recommendation adopted sub nom. Parks v. Hitachi*, No. 1:07CV371, 2007 WL 9757765 (M.D.N.C. Nov. 28, 2007); *see also Taylor*, 616 F.2d at 257. Instead, it permits the Secretary of Labor to pursue wrongful termination claims. *See id.*

In the present Complaint, Plaintiff's allegations are mostly jumbled and difficult to discern. (*See generally* Compl.) Plaintiff alleges a "conspiracy against Rights under the color of law public figures, healtcare (sic) professional, violated Whistleblower Osh Act under Fair Housing Act, failure to accommodate." (*Id.* at 3.) She claims Defendant "failed to accommodate under everything attached on the Fair Housing discrimination form." (*Id.* at 4.) In the aforementioned Fair Housing discrimination form, Plaintiff has placed checkmarks next to a number of possible violations, including "Tell you housing is unavailable when in fact it

5

is available" and "Deny you property insurance." (*Id.* at 7.) No other facts are provided regarding how or when the violations occurred. Additionally, Plaintiff has submitted multiple other documents, numbering several hundred pages, none of which add clarity to the underlying claims. (*See* Docket Entries 6-16.)

Regarding the accommodation and whistleblower claims, the Court finds that Plaintiff has not alleged any facts that would plausibly support her accommodations or whistleblower claims. At the threshold level, both claims require an employer/employee relationship, which Plaintiff has not alleged. Also, Plaintiff cannot bring a private action under OSHA, and she fails to disclose what her disability is and what reasonable accommodations she has requested.

Further, Plaintiff does not articulate any facts on which relief could be granted. Thus, review of Plaintiff's complaint reveals that it is irrational and lacks any legal claims against Defendant and would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be granted. Therefore, "[r]eopening the . . . case would be a futile gesture and a waste of judicial resources under these circumstances." *El-Bey v. North Carolina*, No. 3:17-CV-272-FDW, 2017 WL 4707034, at *3 (W.D.N.C. Oct. 19, 2017).

II. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's "Motion to Reopen and Order to Settle" (Docket Entry 14) be denied.

/s/ Joe L. Webster
United States Magistrate Judge

October 23, 2023
Durham, North Carolina